NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RONALD SATISH EMRIT**<br><br>　　Plaintiff,<br><br>v.<br><br>**INDEPENDENT MUSIC AWARDS, and SONICBIRDS, INC.,**<br><br>　　Defendant. | 14-CV-6751 (WJM)<br><br>**OPINION AND ORDER** |

　　**THIS MATTER** comes before the Court on Plaintiff Ronald Emrit's application to proceed *in forma pauperis* under 28 U.S.C. § 1915. For the reasons set forth below, Emrit's application to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915(a) and his Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.　BACKROUND

　　Emrit is a citizen of Nevada. According to Emrit, Defendants Independent Music Awards ("IMA") and Sonicbirds, Inc. ("Sonicbirds") are partner companies "in the music industry" with their principle places of business in New Jersey and Massachusetts, respectively. (*See* Complt. at ¶¶ 3-5, 12). IMA also appears to be the name of the music competition that is the subject of Emrit's Complaint. (*See* Complt. at ¶ 12).

　　Emrit alleges that in 2013 he paid Defendants $160 in exchange for the opportunity to submit seven of his music videos to the IMA competition. (Complt. at ¶ 13). While not entirely apparent from the face of the Complaint, it appears that the IMA competition received music videos from amateur artists and then selected the best videos as winners. Emrit alleges that he never heard back from IMA or Songbirds after he submitted his videos, which according to the Complaint means that Defendants must have never actually viewed his submissions. Emrit provides no factual basis for his suspicions; instead he asserts his firm belief "that none of the judges actually judged his music…[in an] attempt[] to take advantage of the naiveté and dreams of 'making it big' which are held by every

1

aspiring recording artist and musician." (Complt. at ¶ 15). Seeking damages of $250,000 and other non-monetary relief, Emrit asserts the following causes of action: (1) negligence; (2) intentional misrepresentation – fraud; (3) tortious interference with contract; (4) breach of contract; (5) intentional infliction of emotional distress; and (6) conversion.

## II. DISCUSSION

As a threshold matter, the Court will raise *sua sponte* its concern that it does not possess subject-matter jurisdiction over this case. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003). Emrit asserts jurisdiction under 28 U.S.C. § 1332, which requires complete diversity between the parties and an amount-in-controversy that exceeds $75,000. When determining whether a Complaint premised on diversity jurisdiction meets the amount-in-controversy requirement, "[t]he inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 403 (3d Cir. 2004). In this case, Emrit claims $250,000 in damages despite only paying Defendants $160 in connection with the contest at issue. Even if Emrit could succeed on his claims and receive punitive and treble damages, the Court cannot conceive of a realistic scenario in which Emrit would be entitled to an amount exceeding $75,000.

Assuming Emrit could meet the amount-in-controversy requirement, he has nonetheless failed to state a claim on which relief may be granted. When reviewing an application to proceed *in forma pauperis*, a court shall dismiss the case if it determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Fed.R.Civ.P. 12(b)(6)." *Ryals v. Montgomery Cnty.*, 515 F. App'x 75, 76 (3d Cir.) *cert. denied sub nom. Ryals v. Montgomery Cnty., Pa.*, 134 S. Ct. 274, 187 L. Ed. 2d 198 (2013) *reh'g denied*, 134 S. Ct. 991, 187 L. Ed. 2d 840 (2014). Under the 12(b)(6) framework, a complaint must be dismissed if it relies solely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements…." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

The Court finds that Emrit's Complaint falls woefully short of meeting the standard required for avoiding dismissal under Fed.R.Civ.P. 12(b)(6). Emrit's suspicion that Defendants did not view or judge his submissions is unsupported by any specific factual allegations; it is instead solely premised on conclusory assertions tethered to recitals of the causes of action asserted in his Complaint. While Emrit asserts his "firm belief" that

Defendants wronged him by failing to review his submissions, he provides no specific factual allegations that would allow this Court to reasonably infer that the contest was fraudulent.  Similarly, Emrit does not allege a duty on the part of Defendants that would support a negligence claim, nor does he allege the existence of any contract or reasonable business expectation needed to support his breach of contract and tortious interference claims.   With respect to his intentional inflection of emotional distress claim, Emrit alleges no facts to allow a reasonable inference that Defendants' conduct was extreme and outrageous.   Finally, the conversion claim fails to, among other things, allege any specific facts that would allow a court to reasonably infer a right of possession belonging to Emrit.

For the foregoing reasons, and for good cause shown

**IT IS** on this 3rd day of December, 2014, hereby,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915(a); and it is

**FURTHER ORDERED** that the Clerk of the Court shall file the Complaint without the prepayment of fees and security; and it is

**FURTHER ORDERED** that the Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is

**FURTHER ORDERED** that this case is **CLOSED**.

      /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**